KAREN A. OVERSTREET
Bankruptcy Judge
United States Courthouse
700 Stewart St., Suite 6310
Seattle, WA 98101
206-370-5330

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re                                )
                                     )      Chapter 13
MARY MARGARET BORROWS,               )
                                     )      Bankruptcy No. 10-22788
          Debtor.                    )
                                     )
                                     )
                                     )      **MEMORANDUM DECISION**
                                     )
_____)

This matter came before the Court on February 9, 2011, on the objection of the United States Trustee ("UST") to proof of claim No. 5 (the "BAC Claim") filed in the above case by BAC Home Loans Servicing, L.P. as servicer for "purported" creditor Bank of America, N.A. ("BAC"). Neither the debtor nor the chapter 13 trustee objected to the BAC Claim. BAC challenges the standing of the UST to bring the objection to its claim.

## I. BACKGROUND

The basis of the UST's objection to the BAC Claim is that the promissory note attached to the claim does not have an appropriate assignment or endorsement showing ownership of the note by BAC. Instead, the note has a stamp on it which would be an endorsement to Bank of America, N.A., if executed, however, it is not signed by the transferor, Mortgage Advisory Group. Similarly, the deed of trust attached to the BAC Claim does not reflect any assignment to BAC.

MEMORANDUM DECISION - 1

Rather than respond to the substance of the UST's argument, which challenges the standing of BAC to assert the BAC Claim, BAC responded with its own challenge to the standing of the UST to bring the objection to the claim. Thus, the issue before the Court is whether the UST has standing to bring an objection to a proof of claim filed in a chapter 13 proceeding where neither the debtor nor the chapter 13 trustee has challenged the proof of claim. For the following reasons, the Court finds that the UST has standing under Bankruptcy Code § 307 to bring the objection at issue.[1]

## II. DISCUSSION

There are no undisputed facts. The text of Section 307 is short and unambiguous. It reads:

> The United States Trustee may raise and may
> appear and be heard on any issue in any case or
> proceeding under this title but may not file a
> plan pursuant to section 1121(c) of this title.

The Ninth Circuit Court of Appeals in the case of *Ekstrom v. McCormick (In re Donovan Corp.)*, 215 F.3d 929 (9th Cir. 2000), directs the Court to consider one simple question when applying Section 307: is the case at bar a proceeding under title 11? If it is, and does not involve a plan filed by the UST, the UST has standing. In *Donovan*, the UST sought disgorgement of payments previously paid to an estate professional after the estate became administratively insolvent. The bankruptcy court denied the UST's motion and the UST appealed. In the three-paragraph opinion,

_____

[1] Unless otherwise indicated, all Code, Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

MEMORANDUM DECISION - 2

citing only Section 307, the *Donovan* court held that the UST had standing as to the underlying motion and as to the appeal.

BAC attempts to distinguish this case from *Donovan* because the UST's objection to BAC's claim is brought under the authority of Bankruptcy Code § 502(a), which provides that a claim filed under Section 501 is deemed allowed unless a *party in interest* objects. BAC contends that the UST is not a party in interest and is therefore barred from bringing the objection notwithstanding the broad language of Section 307. BAC cites to the following legislative history to Section 307:

> The U.S. Trustee is given standing to raise, appear, and be heard on any issue in any case or proceeding under title 11, U.S. Code – except that the U.S. Trustee may not file a plan in a chapter 11 case. In this manner, the U.S. Trustee is given the same right to be heard as a party in interest, but retains the discretion to decide when a matter of concern to the proper administration of the bankruptcy laws should be raised. By *not* designating the U.S. Trustee as a party in interest, the legislation ensures that there is no confusion over the U.S. Trustee's role in a case. A party in interest normally has a pecuniary interest in a case; the U.S. Trustee has no pecuniary interest in any case, and functions only as an impartial administrator.

H.Rep. No. 99-764, at 27 (1986), *reprinted in,* 1986 U.S.C.C.A.N. 5227, 5240 (emphasis added). BAC interprets this legislative history to suggest that the UST may not appear where particular actions are reserved in the Code to parties in interest. The Court reads the legislative history to say just the opposite. The language supports a broad reading of Section 307 precisely *because* Congress recognized that the UST will not ordinarily qualify as a party in interest and therefore needs other authority, *i.e.*, Section 307, to give it the ability to be heard on issues of broad

MEMORANDUM DECISION - 3

concern under title 11. *See also In re Pillowtex, Inc.*, 304 F.3d 246, 250 (3d Cir. 2002)("The U.S. Trustee is given the same right to be heard as a party in interest, but retains discretion to decide when a matter of concern to the proper administration of the bankruptcy laws should be raised.").

BAC also argues that the UST's authority under Section 307 is circumscribed by 28 U.S.C. § 586. That statute outlines the general authority and duties of the U.S. Attorney General and the UST. Without deciding whether Section 586 is all inclusive as to the permissible activities of the UST in bankruptcy cases, the Court concludes that subsection (3)(G) of Section 586 provides specific authority for the UST to bring an objection to claim under the circumstances of this case. Subsection (3)(G) permits the UST to monitor "the progress of cases under title 11" and to take "such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." The failure of BAC and other secured mortgage creditors to file proper documentation evidencing their ownership of obligations asserted against debtors in bankruptcy is well documented.[2] The failure of these creditors to include complete and accurate documentation causes significant delay in the confirmation of chapter 13 plans and forces debtors to incur significant and needless attorneys' fees in objection to claim hearings, which could have been entirely avoided if the creditors had filed the proper documents with the proof of claim at

---

[2] In its Reply (Dkt. #35), the UST identifies eight other pending objections it has filed to BAC proofs of claim filed in this district and which involve lack of proper documentation relating to promissory notes.

MEMORANDUM DECISION - 4

1  the outset. Under these circumstances, the UST is well within its

2  authority to broadly monitor chapter 13 proceedings.

3      BAC contends that the UST's objection impermissibly encroaches

4  on the province of the chapter 13 trustee to object to proofs of

5  claim pursuant to Sections 1302 and 704 of the Bankruptcy Code.

6  Section 1302(b)(1) authorizes the chapter 13 trustee to object to

7  proofs of claim pursuant to Section 704(a)(5). Nothing in these

8  statutes, however, negates the broad authority granted to the UST

9  under Section 307 as confirmed in *Donovan*. The cases cited by BAC

10 in support of this argument, *In re Eaton*, 130 B.R. 74, 76 (Bankr.

11 S.D. Iowa 1991), and *In re Washington*, 123 B.R. 272, 276 (Bankr.

12 M.D. Tenn. 1991), to the extent they espouse a contrary view, are

13 not binding on this Court.

14     Finally, BAC challenges the Court's authority to order BAC to

15 file a declaration or other evidence explaining why the proper

16 documents were not filed with the BAC Claim, in addition to filing

17 an amended claim with proper documentation, as requested by the UST

18 in its objection. The Court rejects BAC's challenge and finds that

19 the UST's request for an explanatory declaration is reasonably in

20 furtherance of its efforts to determine how best to enforce

21 compliance with Bankruptcy Rule 3001 and the form proof of claim,

22 which require that a claim be supported by the writing that

23 evidences the debt, including evidence of a perfected security

24 interest.[3]

25

26     [3]  Bankruptcy Rule 3001(a) states that "[a] proof of claim
       shall conform substantially to the appropriate Official Form." Fed.
27     R. Bankr. P. 3001(a). The "appropriate Official Form" is Form 10.
       Form 10, paragraph 7, requires the creditor to "[a]ttach redacted
28     copies of any documents that support the claim, such as promissory
       notes, purchase orders, invoices, itemized statements of running

MEMORANDUM DECISION - 5

**CONCLUSION**

For the reasons stated, the Court finds that the UST has standing under the circumstances of this case to pursue an objection to the BAC Claim.  The UST may submit an order consistent with this decision.

DATED this 18th day of February, 2011.

_Karen A. Overstreet_
Judge Karen A. Overstreet

---

accounts, contracts, judgments, mortgages, and security agreements. . . . Attach redacted copies of documents providing evidence of perfection of a security interest. . . . " The requirement of Form 10 to attach appropriate documentation arises from Bankruptcy Rule 3001. Where the creditor's claim is based on a writing, "the original or a duplicate shall be filed with the proof of claim". Fed. R. Bankr. P. 3001(d). "If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d).

MEMORANDUM DECISION - 6